FILED
2026 Feb 20 AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

CERTIFICATE OF INCORPORATION
OF
THE WATER WORKS BOARD OF THE CITY OF BIRMINGHAM

INC 84 PAGE 274

WHEREAS, the undersigned duly qualified electors and owners of property in the City of Birmingham, in Jefferson County, Alabama, have filed an application in writing with the governing body of said municipality, pursuant to an Act of the Legislature of Alabama, mentioned below, for authority to incorporate a public corporation for the purpose of operating a water works plant and system, certified copy of which is attached hereto; and

WHEREAS, proof has been made to such governing body that each of the undersigned is a duly qualified elector of and owner of property in said municipality; and

WHEREAS, the Board of Commissioners of said City of Birmingham, its governing body, has, pursuant to said Act, adopted a resolution on the 21st day of November, 1950, which has been duly entered upon the minutes of such governing body declaring that it is wise, expedient and necessary that a corporation be formed as proposed by the application, a certified copy of which is attached hereto:

NOW, THEREFORE, in consideration of the premises and for the purpose of forming a corporation pursuant to Section 394 of Title 37 of the Code of Alabama, as amended by Act of the Legislature of Alabama No. 686 approved September 19, 1949 (Acts 1949 p. 1057), the undersigned have associated themselves together and have agreed upon and adopted this Certificate of Incorporation to constitute and become its charter upon the filing hereof pursuant to law.

ARTICLE I.

The name of the corporation shall be The Water Works Board of the City of Birmingham.

ARTICLE II.

The location of its principal office is in Birmingham, Alabama, and its post office address is City Hall, Birmingham, Alabama.

2.

BOOK 84 PAGE 275          ARTICLE III.

The corporation shall have perpetual existence unless dissolved or terminated in accordance with law.

ARTICLE IV.

The objects for which the corporation is organized are:

1.   To acquire and operate the water works, plants, properties, system and assets owned by The Birmingham Water Works Company, hereinafter called Water Company, and used or held for use by it in the service of the public in the City of Birmingham and adjacent territory in Jefferson County, Alabama; to enlarge, extend and maintain said system and to acquire all rights, properties and assets deemed in furtherance of such operation.

2.   To acquire said system and properties either by direct purchase from the Water Company or by providing for the purchase of the common stock of the Water Company from the holders thereof to be accompanied or followed by the liquidation or dissolution of the Water Company and vesting of its water works system and assets in the corporation hereby organized.

3.   If the system, properties and assets of the Water Company shall not be otherwise acquired, to acquire and exercise all rights of the City of Birmingham under that certain agreement between the City of Birmingham and the Water Company dated January 21, 1921 as last amended **under such terms and conditions** as may be agreed upon.

4.   To construct, establish, purchase, enlarge, extend, combine, operate and maintain a water works system or systems for the service of the public in the City of Birmingham and adjacent territory in Jefferson County, Alabama, and, to that end, to acquire by purchase, lease, contract, condemnation or otherwise all lands or easements therein, improvements and structures, pipe lines, reservoirs, dams, impounding areas, water rights, machinery, plants and other facilities, properties or assets deemed by the corporation

3.

to be necessary or incidental to the construction, establishment, enlargement, extension, operation and maintenance of such system or systems.

5.  To do and perform all acts and things and enter into all contracts and undertakings deemed by the corporation necessary, incidental, accessorial, or related to the construction, establishment, acquisition, operation and maintenance of such system or systems, including but not limited to the corporate acts and transactions hereinafter mentioned.

6. To acquire and operate all lands, mineral or other rights and properties and to mine, recover, purchase, manufacture, process or otherwise acquire all raw and finished materials deemed by the corporation necessary or proper to the construction, operation, extension or maintenance of such system or systems.

7. To enter into contracts with any person for the rendition of services or supply of water or materials deemed by the corporation necessary or proper in connection with the functions, powers and objects herein stated.

8. To borrow money and to make and issue all such notes, bonds, debentures or other obligations or commitments of the corporation, and to secure any such obligations by the execution of such mortgages, indentures, deeds of trust or otherwise, mortgaging, conveying or pledging the whole or any part of the systems, properties, assets or revenues of the corporation, real or personal, whether at the time owned or thereafter acquired as the corporation may approve; also to include in such instrument such provisions as the corporation may deem advisable respecting the operation and maintenance of the property and the use of the revenues subject to such instrument, and respecting the rights and duties of the parties to or beneficiaries of such instruments; provided that no such mortgage or deed of trust shall be subject to foreclosure.

4.

INC. **84** PAGE **277**

9.    The corporation may enter into contracts binding itself as to the application of money borrowed, as to operations, as to the imposition and collection of reasonable rates, adoption of reasonable regulations, disposition of gross revenues and otherwise as may not be inconsistent with the provisions of law applicable to the corporation.

10.    The corporation may acquire all or any of the good will, rights, property and business of any person, firm, corporation or association, and may hold, utilize, enjoy and in any manner dispose of the whole or any of the rights, property and business so acquired, where not prohibited by law; and may assume in connection therewith any liabilities of any such person, firm, corporation or association.

11.    The corporation may apply for, purchase or otherwise acquire any patents, copyrights, licenses, trade-marks, trade-names, rights, processes, formulae and the like, which may seem capable of being used for any of the purposes of the corporation, and may use, exercise, develop, grant licenses in respect of, sell and otherwise turn to account, the same.

12.    To the extent not otherwise prohibited by law, the corporation may assume or guarantee the obligation of any person or corporation and may, when deemed necessary in connection with its objects and purposes, lend its aid or credit to any person, firm or corporation. In purchasing or acquiring the system and properties of the Water Company above mentioned or in bringing about the liquidation or dissolution of the Water Company through or after acquisition of its common stock by this corporation or its nominee or any person acting for its benefit, this corporation may assume such of the obligations of the Water Company as it may deem necessary or proper.

13.    The corporation may take over, continue, establish and maintain or contribute to such pension and retirement or employee compensation systems as it may deem necessary or proper.

5.

INC 84 PAGE 278

14. The corporation may enter into such contract as it may be advised with Jefferson County or with any municipal corporation therein with respect to the operation or maintenance of sanitary sewers or the collection of charges for the use thereof or for the supply of water for fire or other purposes.

15. The corporation may, in general, exercise all such powers and do all such acts as may now or hereafter be authorized by law and all such powers and acts as it may be authorized to include among its corporate powers.

16. No provision of this Certificate shall be construed as requiring or authorizing any election or referendum as a condition to the construction, acquisition or establishment of the water works system or systems contemplated hereby or as to the issue of bonds to be secured by mortgage in connection therewith or as requiring the approval by the Alabama Public Service Commission of the acquisition of such system or of the rates and regulations of the corporation.

17. Subject to the terms and provisions of any mortgage or deed of trust which may be created to secure bonds issued or to be issued by this corporation, the corporation may enter into such agreements with municipalities served by the water works system or facilities of this corporation as it may approve with respect to rates, extensions or service within such municipalities or allowances to be made in lieu of licenses or taxes, or otherwise with reference to the operation of said system within such municipalities; provided that any agreement with any municipality other than the City of Birmingham for payments from or participation in revenues of the corporation from operations shall be subject to approval by the governing body of the City of Birmingham.

18. All debts created and bonds issued by this corporation shall be solely and exclusively the obligation of this corporation and shall not constitute an obligation or debt of the City of Birmingham.

6.

## ARTICLE V.

INC 84 PAGE 279

The following provisions for the regulation and conduct of the affairs of this corporation are hereby adopted, as authorized by Section 395 of Title 37 of the Code of Alabama as amended September 19, 1949:

1. The Board of Directors of the corporation shall be authorized to enter into a management contract for the management of operations of any water works system to be acquired by the corporation, for such period and on such terms and conditions as the Board may approve, or may be required under Section 13 of this Article V.

2. The Board of Directors shall be authorized to act by vote of a majority of the Board; and may by by-law adopt such provision as may not be prohibited by law for the functioning of the Board and the corporation in the event that by reason of vacancies, disability, absence or otherwise, a majority of the Board may not be able to function or if those qualified and available may be equally divided as to any corporate matter of importance requiring action without awaiting a full Board competent to act. If the Board shall determine that any matter presented should be determined, approved or concurred in by the Commission or governing body of the City of Birmingham, or should be effective only if so approved, then and in such event such matter may be referred (by joint action or vote of all directors competent to act) to and may be acted upon for the corporation by resolution of such governing body.

3. The directors by unanimous vote may adopt by-laws and may from time to time amend the same.

4. The management and all operations and policies of the corporation shall be subject to determination and control by the Board of Directors, which shall elect a chairman of the Board (who shall be regarded as the chief executive officer of the corporation in the absence of other provision by the Board) and a

7.

INC. 84 PAGE 280

Secretary and such other officers as the Board may determine or as may be provided by the by-laws. All officers and employees shall hold office or employment subject to termination by the Board, except as may be otherwise provided by contract authorized or approved by the Board, or required by Section 13 of this Article V. The duties and compensation of all officers and employees shall be determined or subject to determination by the Board by resolution or by-law, where not fixed or determined pursuant to such contract.

5.  The directors initially elected by the governing body of the City of Birmingham, as set forth in the resolution of which a copy is attached are and shall be those whose names and first terms of office are set forth below:

| Name of Director | Term of office |
| --- | --- |
| (1) Merrill E. Pratt | Two years |
| (2) C. van den Berg | Four years |
| (3) Alex C. Montgomery | Six years |

Such terms are to begin as of the date of the filing of this Certificate in the office of the Judge of Probate of Jefferson County.

6.  As provided by Section 397 of Title 37 of the Code of Alabama as amended (Acts 1943, p. 575) directors as such shall serve without compensation, except that they shall be reimbursed for actual expenses incurred in and about the performance of their duties, and, at the discretion of the board, they may be paid a director's fee of $10.00 for each directors meeting attended by them, not exceeding one meeting during each calendar month.

7.  Any person serving as director may be employed and receive compensation for executive or special services or otherwise as a compensated employee of the corporation, but only if such employment and the compensation therefor shall be authorized or approved (a) by a majority of the Board not including such director, and (b) by the governing body of the City of Birmingham or by the trustee mentioned in Section 13 of this Article V.

8.

INC 84 PAGE 281

8. Any action required to be taken by the directors may be validly effected in the following manner, without notice or formal meeting: Any resolution or proceeding approved in writing by all of the Directors by the subscription of their names in writing to the same or concurrent instruments shall be valid and effective as if such action were adopted by the same vote at a regularly called meeting of such directors and shall be effective as of the date therein expressed, or, if no effective date shall be designated, as of the date on which the same shall be filed and noted by the Secretary; and such resolution shall thereupon be entered in the minutes of the corporation under such effective date.

9. Any officer or employee elected or appointed by the Board of Directors may be removed at any time by the affirmative vote of a majority of the whole Board of Directors, but any other officer or employee may be removed at any time by vote of the Board of Directors or by any superior officer to whom authority in the premises may have been delegated by the by-laws or by resolution of the Directors or as may be provided in any management contract in effect.

10. Subject to the provisions or requirements of any mortgage, deed of trust or indenture securing bonds or obligations of or assumed by the corporation, or other lawful agreement with respect thereto, the Board of Directors shall have power from time to time to fix and direct and determine the accumulation, reserve, allocation, use and disposition of any revenues and funds of the corporation and the determination of rates, regulations, service, extensions and all other matters relating to the ownership or operation of the systems and property of the corporation.

11. The corporation shall indemnify and hold harmless each director now or hereafter serving the corporation from and against any and all claims and liabilities to which he may become subject by reason of his now or hereafter being or having heretofore been a director or by reason of his alleged acts or omissions

9.

INC 84 PAGE 282

as a director, and shall reimburse each director for all legal and other expenses reasonably incurred by him in connection with any such claims or liabilities, provided however, that no director shall be indemnified against, or be reimbursed for any expenses incurred in connection with any claim or liability arising out of his own wilful misconduct.  Nothing herein contained shall restrict the rights of the corporation to indemnify any officer or director in any proper case, even though not specifically provided for herein.

12.  Any director may resign as director by filing written notice of such resignation with the Clerk of the City Commission of Birmingham, stating the effective date thereof.  In the event of any resignation prior to expiration of the term of office of the director resigning, said City Commission shall be authorized to fill the same by resolution.  The director so elected is to hold office for the term for which the director so resigning was elected. Directors whose terms shall expire shall nevertheless serve until the election of their respective successors.

13.  Any mortgage, deed of trust or pledge agreement securing bonds issued by the corporation may contain provisions for the operation, management, maintenance and disposition of its properties, for the custody, allocation, use and disposition of revenues of the corporation and with respect to the incurring of obligations by it, and may restrict and impose limitations upon the exercise by the Board of Directors of its powers with respect to such matters and any other provisions not inconsistent with law.

IN TESTIMONY WHEREOF, Witness the hands of the undersigned incorporators on this the 21st day of November, 1950.

W. Cooper Green

J W Morgan

C F Armstrong

### APPLICATION
### TO COMMISSION OF THE CITY OF BIRMINGHAM
### FOR AUTHORITY TO INCORPORATE A PUBLIC
### CORPORATION PURSUANT TO SECTION 394 of
### TITLE 37 OF THE CODE OF ALABAMA AS AMENDED
### BY ACT No. 686 APPROVED SEPTEMBER 19,
### 1949 (ACTS 1949, P. 1057).

INC 84 PAGE 283

To The Commission of the City of Birmingham:

The application of the undersigned respectfully represents:

1.    Each of the undersigned is a duly qualified elector of and owner of property in the City of Birmingham.

2.    The undersigned propose and make application for authority to incorporate a public corporation for the purpose of operating a water works plant and system as contemplated by Section 394 of Title 37 of the Code of Alabama as amended by Act No. 686, approved September 19, 1949 (Acts 1949, p. 1057), and present herewith a proposed Certificate of Incorporation to that end.

W. Cooper Green

J. W. Morgan

C. E. Armstrong

Filed    Nov. 21,    1950.

Eunice S. Hewes
City Clerk.

RESOLUTION
OF
THE COMMISSION OF THE CITY OF BIRMINGHAM
WITH RESPECT TO APPLICATION FOR AUTHORITY
TO INCORPORATE A PUBLIC CORPORATION FOR
THE PURPOSE OF OPERATING A WATER WORKS
SYSTEM AS CONTEMPLATED BY SECTION 394 OF
TITLE 37 OF THE CODE OF ALABAMA AS AMENDED.

INC 84 PAGE 284

WHEREAS, application filed   November 21,
1950 has been made to the Commission of the City of Birmingham by
W. Cooper Green_____, ___J. W. Morgan_____ and
C. E. Armstrong_____ for authority to incorporate a public
corporation for the purpose of operating a water works plant and
system as authorized by Section 394 of Title 37 of the Code of
Alabama, as amended by Act No. 686, approved September 19, 1949,
(Acts 1949, p. 107); and

WHEREAS, it has been made to appear to this Commission
that each of said applicants is a duly qualified elector of and
owner of property in the City of Birmingham; and

WHEREAS, the Commission is of the opinion that the incor-
poration of said public corporation should be authorized.  It is,
therefore,

RESOLVED by the Commission of the City of Birmingham
that it is the finding and declaration of this Commission
that it is wise, expedient and necessary that such corpo-
ration be formed and that the persons filing such appli-
cation shall be and are authorized to proceed to form such
corporation.

RESOLVED, further, that pursuant to Section 397 of
the Code of Alabama, as amended July 10, 1943 (Acts 1943,
p. 575)    the following be and they are hereby elected
directors whose first terms of office shall be as stated
below:

| Director | Term of Office |
|---|---|
| 1. Merrill E. Pratt | Two years |
| 2. C. van den Berg | Four years |
| 3. Alex C. Montgomery | Six years |

such terms to begin as of the date of filing of the
Certificate of Incorporation.

2.

INC 84 PAGE 285     RESOLVED, further, that the form of proposed Certifi-
cate of Incorporation presented at this meeting, copy of
which is ordered filed, be and the same is hereby approved
and that the President of this Commission be and he is
authorized to note such approval by endorsement upon the
executed Certificate of Incorporation of the proposed
corporation, to be known as The Water Works Board of the
City of Birmingham.

———————————— 0 ————————————

The above and foregoing is a true copy of a resolution
adopted by the Commission of the City of Birmingham at a lawful
meeting of the Commission held on    November 21st,           1950.

This 21st day of   November        1950.

_Eunice A. Skinner_
City Clerk

ATTEST:

INC 84 PAGE 286

I hereby certify that the above and foregoing is a true copy of that certain application filed with the Commission of the City of Birmingham on November 21, 1950, and that the foregoing Certificate of Incorporation as executed by the applicants is in the form of the proposed Certificate of Incorporation accompanying said application and approved by the Commission of the City of Birmingham by resolution adopted November 21, 1950, with signatures added and blanks filled in as authorized by said resolution.

In Testimony Whereof, Witness my hand and the seal of the City of Birmingham, this 21 day of November, 1950.

_____
City Clerk

SEAL

FILED IN OFFICE FOR RECORD THIS THE NOV 21 1950 AND DULY RECORDED IN VOL._____ PAGE _____ TOM C. GARNER, Judge of Probate
INC 84 PAGE 274

State of Alabama
Jefferson County
I, the Undersigned, as Judge of Probate Court in and for Jefferson County, Alabama, hereby certify that the foregoing is a full, true and correct copy of the instrument with the filing of same as appears of record in this office. Given under my hand and official seal, this the ___16th___ day of ___MAY___ , 2025.

_____

**JUDGE OF PROBATE**